UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22361-CIV-ALTONAGA/Simonton

**YANIEL GARRIGA**,

    Plaintiff,

vs.

**JOSEPH HACKBARTH, DISTRICT DIRECTOR OF KENDALL FIELD OFFICE OF USCIS**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Joseph Hackbarth's ("Hackbarth['s]") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") [ECF No. 13], filed on September 24, 2012. In the Motion, Hackbarth seeks dismissal of Plaintiff, Yaniel Garriga's ("Garriga['s]") Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") [ECF No. 1], arguing the Court lacks jurisdiction over the case. Garriga filed his Answer to Defendant's Motion . . . ("Response") [ECF No. 14] on October 8, 2012; and on October 12, 2012, Hackbarth filed his Reply ("Reply") [ECF No. 15]. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[1]

Garriga is a Cuban national who was paroled into the United States on October 5, 2006. (*See* Compl. 3). On August 13, 2007, Garriga married Roxanna Guadalupe Galindez, a citizen of Argentina. (*See id.* 4). Shortly thereafter, on November 26, 2007, Garriga filed an I-485

---

[1] The facts are taken from the Complaint.

Application for Adjustment of Status ("I-485 Application") pursuant to the Cuban Refugee Adjustment Act ("CRAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966). (*See id.* ¶ 1; Resp. ¶ 1).

Garriga and his wife were interviewed by an Immigration Examiner on April 23, 2008, and the Immigration Examiner alleged marriage fraud after finding several discrepancies during the interview. (*See* Compl. 4–5). Hackbarth, the District Director of the Kendall Field Office of the United States Citizenship and Immigration Services ("USCIS"), determined Garriga was inadmissible due to marriage fraud and denied Garriga's I-485 Application on December 22, 2008. (*See id.* 5). Garriga then filed an I-601 Waiver of Grounds of Inadmissibility, which Hackbarth denied. (*See id.*). Garriga appealed to the Administrative Appeals Office ("AAO"), and on April 11, 2011, the AAO determined Garriga was admissible because he had not misrepresented a material fact in order to obtain an immigration benefit for himself. (*See id.*). The AAO dismissed the appeal and withdrew Hackbarth's prior decision. (*See id.*).

On June 9, 2011, Garriga again requested that Hackbarth adjust Garriga's status. (*See id.*). However, on June 21, 2011, Hackbarth denied Garriga's I-485 Application as a matter of discretion, citing a conspiracy with Garriga's wife to obtain immigration benefits for Garriga's wife, which reflected poorly on Garriga's moral character. (*See id.*; Resp. ¶ 8). Thereafter, on July 28, 2011, Plaintiff filed a Motion to Reopen, which Hackbarth denied eight months later. (*See* Compl. 6).

On June 26, 2012, Garriga filed the present action seeking a declaratory judgment and injunctive relief. (*See id.* 2). Garriga asks the Court to review Hackbarth's denial of his I-485 Application and declare the denial unlawful, set it aside, and compel Hackbarth to approve the I-485 Application because the AAO determined Garriga is admissible. (*See* Compl. 6–7; Resp. ¶¶

27–28).  Hackbarth now moves the Court to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* Mot. 1).

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of No. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . . .")).  A district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings.  *See* FED. R. CIV. P. 13(h)(3) ("If the court determines at any time that it lacks subject–matter jurisdiction, the court must dismiss the action."); Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed. 2007)

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Like a Rule 12(b)(6) motion, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true . . . ." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  Factual attacks differ because they "challenge[] the existence of subject matter jurisdiction in fact . . . and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id.*  Factual attacks also differ from facial attacks because "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

3

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Hackbarth's Motion appears to present a facial attack to the Court's jurisdiction.[2]

### III. ANALYSIS

Hackbarth contends the Court lacks subject matter jurisdiction over this case as the underlying basis for his decision is irrelevant given that Garriga's I-485 Application was denied pursuant to statutorily granted discretion. (*See* Mot. 4). According to Hackbarth, pursuant to 8 U.S.C. section 1252(a)(2)(B)(ii),[3] the Court has been effectively stripped of jurisdiction to decide the relief sought in Garriga's Complaint because the Cuban Refugee Adjustment Act commits the decision to grant or deny an adjustment of status application to the sole discretion of the Attorney General. (*See id.* 3).

---

[2] While Hackbarth relies on correspondence attached to his Motion, the correspondence is referred to, and hence incorporated, in the Complaint.

[3] The relevant provision of 8 U.S.C. section 1252 states:

> (B) Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> \* \* \*
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158 (a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

Garriga, however, contends the Court has jurisdiction over this case pursuant to 28 U.S.C. section 1331, coupled with the Administrative Procedure Act ("APA"), 5 U.S.C. section 702.[4] (*See* Resp. 5–6). Garriga's theory that the Court is not stripped of the ability to review Hackbarth's decision can be summarized as follows. The AAO determined Garriga is eligible for an adjustment of status; Hackbarth's subsequent denial of the I-485 Application was issued under a guise of discretion, but is, in fact, a purely legal determination regarding Garriga's admissibility; admissibility determinations are subject to judicial review; consequently, Hackbarth's denial of Garriga's I-485 Application is subject to judicial review. (*See* Resp. ¶¶ 21–28). According to Garriga, *Kucana v. Holder*, 130 S.Ct. 827 (2010), supports his position because the Supreme Court held the Attorney General cannot shelter a decision from abuse-of-discretion review simply by declaring the decision is discretionary. (*See* Resp. ¶ 26).

The Immigration and Nationality Act ("INA") commits the decision to grant or deny an adjustment of status to the sole discretion of the Attorney General by statute. *See* 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United

---

[4] Under the APA:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702.

States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . . ."). The CRAA, like section 1255(a), statutorily commits the decision to adjust status to the sole discretion of the Attorney General. *See* Pub.L. 89–732, 80 Stat. 1161 (1966), § 1 (reproduced as a historical note to 8 U.S.C. § 1255).[5]

Many courts have interpreted section 1252(a)(2)(B) to preclude jurisdiction over any discretionary decision or action of the USCIS and the Attorney General. *See Valdivia v. U.S. Attorney Gen.*, 380 F. App'x 793, 794 (11th Cir. 2010); *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006) (noting that "this statute's meaning is refreshingly free from ambiguity and its terms are pellucidly clear: It means that courts are precluded from reviewing *any* discretionary decision or action of USCIS.") (footnote call number omitted); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1353–54 (S.D. Fla. 2007) (quoting *Safadi*, 466 F. Supp. 2d at 698).

Hackbarth's analysis is sound and compels a dismissal of this case. First, although eligibility decisions that do not involve discretion are subject to judicial review, *see Mejia Rodriguez v. U.S. Dep't Homeland Sec.*, 562 F.3d 1137, 1144 (11th Cir. 2009), such is not the case here. Hackbarth's June 21, 2011 denial of Garriga's I-485 Application was a discretionary decision, and was not based on Garriga's eligibility. (*See* Mot. 3). Hackbarth specifically stated, "even though you are not inadmissible to the United States and may be eligible for adjustment of

---

[5] The CRAA is a note to section 1255, and provides:

> [T]he status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, *may be adjusted by the Attorney General, in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

*Id.* at § 1 (emphasis added).

status, USCIS finds that you are not entitled to adjustment of status as a matter of discretion." (*Id.* (quoting Hackbarth's June 21, 2011 Decision, at 3)).

Second, Garriga's reliance upon *Kucana* is inapposite. In *Kucana*, the Supreme Court held actions made discretionary by the Attorney General through regulations — as opposed to Congressional grants of discretion through statutes — remain subject to judicial review. *See Kucana*, 130 S. Ct. at 840. Here, the CRAA is undoubtedly a statute. *See Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382 n.2 (Fed. Cir. 2004) ("[T]he fact that this provision was codified as a statutory note is of no moment. The Statutes at Large provide the evidence of the laws of the United States.") (citing 1 U.S.C. § 112 (2004); *United States v. Welden*, 377 U.S. 95, 98 n.4 (1964)). Furthermore, the CRAA is a Congressional statutory grant of discretion to the Attorney General; the Attorney General did not grant himself discretion through a regulation. *See* Pub. L. 89–732, 80 Stat. 1161 (1966), § 1.

Although the parties do not raise a separate, but related, issue, the Court is compelled to address whether the CRAA is a statute "the authority of which is specified under this subchapter" within the meaning of 8 U.S.C. section 1252(a)(2)(B)(ii). In *Baez v. United States*, 715 F. Supp. 2d 1165 (D. Or. 2010), the plaintiff argued section 1252(a)(2)(B)(ii)'s jurisdiction-stripping provision only applies to discretionary decisions made under the INA, but not discretionary decisions made under the CRAA. *Id.* at 1175–78. The plaintiff asserted the CRAA is not "under this subchapter" because the CRAA is codified as a historical note after the INA. *See id.* The court there did not ultimately resolve the issue, but noted, "no reported decision from any court appears to have squarely addressed the issue," *id.* at 1175, and "[t]his is a close question," *id.* at 1178. The Court has found no reported decisions since *Baez* squarely addressing whether the CRAA is a statute "under this subsection." By contrast, the Eleventh

Circuit recently, although without any relevant analysis, stated, "[b]ecause an adjustment of status under the CRAA is a discretionary decision, we do not have jurisdiction to review the petitioners' petition for review except to the extent that it raises a constitutional claim or question of law." *Valdivia*, 380 F. App'x at 795.  In light of the parties' failure to raise this issue, the lack of authority directly on point, and the Eleventh Circuit's recent holding, the Court declines to find the CRAA is not a statute "under this subsection."  Moreover, even if the CRAA were not a statute "under this subsection," the result would be the same based upon the following analysis.

Third, and finally, the APA "does not supercede [sic] the express provisions of 28 U.S.C. § 1252(a)(2)(B)(ii)," which preclude district court jurisdiction over discretionary decisions or actions of the USCIS.  *Grinberg*, 478 F. Supp. 2d at 1355.  In fact, the APA expressly precludes judicial review of administrative activities where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).  Here, the CRAA statutorily commits complete discretion over the adjustment of immigration status to the Attorney General and the USCIS.  *See* Pub. L. 89–732, 80 Stat. 1161 (1966), § 1.  This is true regardless of whether section 1252(a)(2)(B)(ii) precludes judicial review of discretionary decisions under the CRAA or not.  Accordingly, the APA does not confer jurisdiction upon the Court to hear Garriga's claim, and the Court lacks jurisdiction over this matter.  *See Safadi*, 466 F. Supp. 2d at 700 ("[E]ven assuming subject matter jurisdiction existed notwithstanding § 1252(a)(2)(B)(ii), [the APA does not] confer subject matter jurisdiction over plaintiff's claim.").  The Complaint must be dismissed.

## IV.  CONCLUSION

Based on the foregoing, it is

Case No. 12-22361–CIV-ALTONAGA/Simonton

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 13]** is **GRANTED**. The Complaint **[ECF No. 1]** is **DISMISSED**. All pending motions are **DENIED** as moot, and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record